CHARLES S. BARQUIST (CA SBN 133785)
CBarquist@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile:  213.892.5454

G. BRIAN BUSEY (pro hac vice application to be submitted)
GBusey@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW, Suite 6000
Washington, DC 20006
Telephone:  (202) 887-1500
Facsimile:  (202) 887-0763

DEAN SEIF ATYIA (CA SBN 298615)
DAtyia@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California  92130-2040
Telephone: 858.720.5100
Facsimile:  858.720.5125

Attorneys for Plaintiff
ASTER GRAPHICS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTER GRAPHICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> STATIC CONTROL COMPONENTS, INC., <br><br> Defendant. | Case No.  8:17-cv-1167 <br><br> **COMPLAINT FOR DECLARATORY RELIEF OF PATENT NONINFRINGEMENT** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Aster Graphics, Inc. ("Aster") alleges as follows:

1. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, against Defendant Static Control Components, Inc. ("Static") for a declaration that, pursuant to the patent laws of the United States,

1  35 U.S.C. §§ 1 *et seq.*, U.S. Patent Nos. 9,671,742 B2 (the "'742 patent") and 9,599,949 B2 (the "'949 patent") allegedly owned by Defendant are not infringed by Plaintiff.

## PARTIES

2. Plaintiff Aster is a California corporation with its principal place of business in Placentia, California.

3. On information and belief, Defendant Static is a North Carolina corporation and maintains a principal place of business in Sanford, North Carolina. On information and belief, Static is the assignee and current owner of the '742 and '949 patents.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents). On information and belief, this Court has personal jurisdiction over Static because Static has constitutionally sufficient contacts with California and with this District so as to make personal jurisdiction proper. On information and belief, Static makes, uses, sells, offers to sell, and/or imports products that practice the inventions claimed in the '742 and '949 patents within this district.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391. A substantial part of the events giving rise to the claim alleged herein occurred in this District. On information and belief, Static resides in this District within the meaning of 28 U.S.C. § 1391 because Static does business in this District and otherwise has sufficient contacts with this District to subject it to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

6. Static claims to be the world's largest manufacturer and global distributor of parts and supplies supporting the laser toner remanufacturing

sd-702588

industry. Its catalog features more than 15,000 products. Static operates twenty separate manufacturing plants in the United States of America.

7. The '949 patent was issued March 21, 2017, and is entitled "Photosensitive Process Cartridge With Driving Force Receiver."

8. The '742 patent was issued June 6, 2017, and is entitled "Process Cartridge Having A Control Mechanism For A Driving Mechanism."

9. Aster is a manufacturer, distributor, and environmental solution provider of printer consumable products located in Southern California.

10. On June 29, 2017, Static sent Aster a letter identifying the '742 and '949 patents and alleging that Aster's manufacture, use, offer for sale, sale and importation of twelve models of laser toner cartridges infringe certain unidentified claims of the '742 and '949 patents. Static demanded that Aster cease all allegedly infringing activity and confirm compliance with Static's demands. Static alleged that in the absence of a satisfactory response by July 10, 2017, it was prepared to take action against Aster without further notice. Static expressly reserved the right to seek injunctive relief and damages.

11. By virtue of these acts, an actual and justiciable controversy exists between the parties concerning whether the Aster laser toner cartridge products identified in Static's demand letter infringe the '742 and '949 patents. Aster now seeks a declaratory judgment of noninfringement of the '742 and '949 patents.

## FIRST CLAIM FOR RELEIF
**(Declaratory Relief as to the '742 Patent)**

12. Aster incorporates by reference paragraphs 1-11 above as though fully set forth herein.

13. Aster is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '742 Patent as properly construed.

## SECOND CLAIM FOR RELEIF

### (Declaratory Relief as to the '949 Patent)

14. Aster incorporates by reference paragraphs 1-11 above as though fully set forth herein.

15. Aster is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '949 Patent as properly construed.

## PRAYER FOR RELIEF

WHEREFORE, Aster respectfully requests the following relief:

(a) For a declaration that the '742 patent is not infringed by Aster;

(b) For a declaration that the '949 patent is not infringed by Aster;

(c) For any such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Aster Graphics, Inc. hereby demands trial by jury on all issues so triable.

Dated: July 7, 2017

CHARLES S. BARQUIST
G. BRIAN BUSEY
DEAN S. ATYIA
MORRISON & FOERSTER LLP

By: /s/ Charles S. Barquist
Charles S. Barquist

Attorneys for Plaintiff
ASTER GRAPHICS, INC.